UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KEITH DOUGLAS GATTIS, individually,

    Plaintiff,

v.

COMMONWEALTH FINANCIAL SYSTEMS,    **JURY DEMAND**
INC., d/b/a NCC, a foreign corporation,

    Defendant.
_____/

## **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1. Plaintiff KEITH DOUGLAS GATTIS alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC., doing business as "NCC." Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged consumer debt using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

## **JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and

        because Defendant conduct business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff KEITH DOUGLAS GATTIS is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.  Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC., doing business as "NCC," ("Commonwealth") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 245 Main Street, Dickson City, PA 18519; Plaintiff further alleges that Commonwealth is a citizen of the State of Pennsylvania.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. Defendant regularly collects or attempts to collect consumer debts for other persons.

9. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

10. In 2005, the Plaintiff obtained a credit card financed through Chase Bank.

11. This credit account was for primarily personal, household, and family purposes, to wit: clothing, home appliances, and similar articles.

12. The aforementioned account became delinquent in 2007, with a balance allegedly still owing.

13. The right to collect this alleged debt was later sold to a debt purchaser, and Defendant Commonwealth was subsequently engaged to attempt to collect on the alleged debt.

14. Commonwealth subsequently discovered Plaintiff's cellular telephone number, and began placing calls to said cellular telephone in an effort to harass, annoy, or otherwise coerce the Plaintiff into paying the allege debt.

15. Upon answering any of these calls, the Plaintiff was greeted by either (a) a pre-recorded voice that advised the Plaintiff to "press one," or (b) a pre-recorded voice advising him to "please hold," and that an agent would be with him shortly.

16. Whenever the Plaintiff spoke to an agent, the agent advised that the call was from NCC, a division of Commonwealth Financial Systems, and that the call was in reference to the Chase Bank debt.

17. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

18. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates paragraphs 1 through 18 herein.

3

20. Defendant Commonwealth violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff KEITH DOUGLAS GATTIS, requests that the Court enter judgment in favor of Plaintiff and against Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC. for:

    a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e. litigation expenses and costs of the instant suit; and

    f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff incorporates paragraphs 1 through 18 herein.

22. Defendant violated the TCPA by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiff's rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See Clark v.

Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiff KEITH DOUGLAS GATTIS requests that the Court enter judgment in favor of Plaintiff and against Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC. for:

   a. actual damages;

   b. statutory damages of $1,000.00;

   c. attorney's fees, litigation expenses, and costs of the instant suit, and;

   d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiff incorporates paragraphs 1 through 18 herein.

24. Defendant' practices violated the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiff KEITH DOUGLAS GATTIS requests that the Court enter judgment in favor of Plaintiff and against Defendant COMMONWEALTH FINANCIAL SYSTEMS, INC. for:

   a. actual damages;

   b. statutory damages of $1,000.00;

   c. a permanent injunction prohibiting Defendant calling Plaintiff regarding the alleged debt;

   d. attorney's fees, litigation expenses, and costs of the instant suit, and;

   e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 22nd day of March, 2013.

                          BRET L. LUSSKIN, Esq.
                          *Attorney for Plaintiff*
                          1001 N. Federal Hwy., Ste 106
                          Hallandale Beach, Florida 33009
                          Telephone: (954) 454-5841
                          Facsimile: (954) 454-5844
                          blusskin@lusskinlaw.com

                By: /s/ Bret L. Lusskin, Esq.
                      Bret L. Lusskin, Esq.
                      Florida Bar No. 28069